# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

Case No.: **CV 18-6885-JLS (PLA)**　　　　　　　　　　　　Date: **October 17, 2018**

Title: **Majestic Zulu v. Daniel Paramo**

---

**PRESENT:** THE HONORABLE  **PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | **N/A** | **N/A** |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**　　　　**ATTORNEYS PRESENT FOR RESPONDENT:**
　　　　　　NONE　　　　　　　　　　　　　　　　　　　　　　NONE

**PROCEEDINGS:**　　　**(IN CHAMBERS)**

On September 11, 2018, respondent filed a Motion to Dismiss the Petition in this action, contending that ground one of the Petition, alleging that trial counsel was ineffective for failing to object to an illegal sentencing enhancement (i.e., using an out-of-state prior conviction as a strike), is unexhausted. (ECF No. 12). Respondent also asserted that petitioner's Ground Two claim is exhausted to the extent it is based on a claim petitioner previously submitted to the California Supreme Court based on Apprendi v. New Jersey, 500 U.S. 566 (2000). (ECF No. 12 at 3-4). However, to the extent petitioner instead based his Ground Two claim on the use of the out-of-state prior conviction as a strike, respondent submitted that it would also be unexhausted. (ECF No. 12 at 4). Thus, respondent contends that the Petition is a "mixed" Petition, containing exhausted and unexhausted claims.

In response to a September 24, 2018, letter from petitioner seeking advice as to what he needs to do to respond to the Motion to Dismiss, on October 1, 2018, the Court informed petitioner that his opposition to the Motion to Dismiss was due no later than October 31, 2018. (ECF No. 15). On October 15, 2018, petitioner submitted another letter to the Court ("Letter"). In this letter he states that on September 24, 2018, he submitted a habeas petition to the California Supreme Court,[1] and asks whether "this help[s] [his] cause?"

As the Court previously informed petitioner, the Court is not in a position to give legal advice to petitioner. Notwithstanding the foregoing, a state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to consider and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). He must present his claims to the highest state court or demonstrate that no state

---

　　　[1] The Court notes that the California Supreme Court website reflects that petitioner filed a habeas petition on September 24, 2018, in case number S251502; it also reflects that on October 4, 2018, in case number S251752, he filed a second habeas petition.

remedy remains available. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). Including unexhausted claims in a habeas petition renders the petition "mixed" and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Based on petitioner's recent filing of a habeas petition in the California Supreme Court in "response" to respondent's Motion to Dismiss, it appears that petitioner concedes that at least Ground One of the Petition, petitioner's claim for ineffective assistance of counsel, is unexhausted. (See, e.g., Letter at 1 ("Since 1st being served [with respondent's Motion to Dismiss petitioner's "claim of ineffective counsel"] I've filed a different writ of habeas corpus addressing what the Respondent says I failed to w/ the California Supreme Court . . . ."). Accordingly, it appears that the Petition is subject to dismissal as a "mixed" petition -- that is, a petition containing both exhausted and unexhausted claims.

Because petitioner **has not already** exhausted one or more of his claims (but is in the process of doing so), he has the following four options in this action:

**Option 1:** Petitioner may request a voluntary dismissal of the entire action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), so that he may return to the state courts to exhaust his unexhausted claim(s). However, petitioner is cautioned that should he choose to dismiss the instant Petition, any subsequent federal petition **may be entirely time-barred** by the statute of limitations under 28 U.S.C. § 2244(d)(1), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." See also 28 U.S.C. 2244 (d)(1)(A)-(D) (explaining when the one-year period begins to run). **In order to proceed under Option 1, petitioner may use the attached Notice of Dismissal form and select the option dismissing this action in its entirety. He must also sign the form.**

*or* **Option 2:** Petitioner may request a voluntary dismissal of his unexhausted claim or claims and elect to proceed only on his exhausted claim (that portion of Ground Two based on Apprendi). However, petitioner is advised that if he elects to proceed with his exhausted claim, any future habeas petition containing his currently unexhausted claim(s), or any other claims that could have been raised in the instant Petition, may be rejected as successive. **In order to proceed under Option 2, petitioner must file a declaration, signed under penalty of perjury, in which he states that he elects to dismiss his unexhausted claim(s) and proceed in this action only with the exhausted Apprendi claim in Ground Two.**

*or* **Option 3:** Pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court may stay all of the claims in a "mixed" petition while petitioner returns to state court to exhaust his already pled, but unexhausted, claim or claims. The Court notes that in California, each court has original jurisdiction to consider a state habeas petition, so a petitioner can simply raise his unexhausted claim(s) (as petitioner already did) in a **habeas corpus petition** directly to the California Supreme Court to satisfy the exhaustion requirement. Cal. Const. art. VI, § 10 ("The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings."). To obtain a stay pursuant to Rhines so that petitioner can then exhaust his claim(s) in state court, petitioner must show that: (1) he has good cause for his failure to have already exhausted his claim(s) in state court; (2) the unexhausted claim(s) is potentially meritorious; and (3) there is no indication that he intentionally delayed pursuing exhaustion of his claim(s). Id. at 278. **In order to proceed under Option 3, petitioner must file a**

**declaration, signed under penalty of perjury, electing a stay pursuant to Rhines, and must also: (1) inform the Court whether he is currently exhausting his unexhausted claim(s) through the pending state habeas petition and, if so, provide the Court with a complete copy of that petition; and (2) show good cause for not having already exhausted his unexhausted claim(s), demonstrate that the claim is not plainly meritless, and show that he has not intentionally delayed pursuing his unexhausted claim(s).**

*or* **Option 4:** Pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claim(s), after which the Court may stay his remaining fully exhausted claim pursuant to Apprendi, while petitioner returns to state court to exhaust his dismissed claim(s). Petitioner is warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claim[ ] back into his federal petition once he has exhausted [the claim] only if [the claim is] determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). In particular, petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the one-year limitation period if the new claim shares a "common core of operative facts" with an exhausted claim in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). **In order to proceed under Option 4, petitioner must file a declaration, signed under penalty of perjury, electing a stay pursuant to Kelly, and stating that he dismisses his unexhausted claim(s).**

Accordingly, **no later than November 19, 2018,** petitioner is **ordered** to show cause why the Petition should not be dismissed as a "mixed" petition. Filing by petitioner, on or before **November 19, 2018**, of a declaration stating that he already exhausted his unexhausted claim(s) in a state habeas petition (including a copy of the California Supreme Court habeas denial), **or** a declaration and/or notice of dismissal as forth in options 1 through 4 above, shall be deemed compliance with this Order to Show Cause. Alternatively, **no later than November 19, 2018**, petitioner shall file his opposition to the Motion to Dismiss, detailing his arguments with respect to why he believes his claims *have* been exhausted (i.e., have already been presented to the California Supreme Court and denied) and are properly before this Court.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in a recommendation that this action be dismissed as a "mixed" petition, and for failure to prosecute and follow Court orders**. The clerk is directed to send petitioner a copy of the Notice of Dismissal form, along with this Order.

cc: Majestic Zulu, pro se
Julie Ann Harris, CAAG